# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

CHARLES KEVIN DAWSON,

    Plaintiff,

v.                                      Case No. 5:21-cv-240-TKW/MJF

JEREMY HEAD,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

In this § 1983 action, Plaintiff alleges that Bay County Sheriff Investigator Jeremy Head made false statements to obtain a search warrant for Dawson's hotel room. The District Court previously stayed the case pending Florida's criminal prosecution of Dawson. Because Dawson fails to state a federal claim upon which relief can be granted, the District Court should dismiss Dawson's federal claim for failure to state a plausible claim for relief and should decline to exercise supplemental jurisdiction over Dawson's claim of defamation.

### BACKGROUND

**A.**   **Dawson's Initiation of this Case and the Stay**

    **1.**   *Dawson's Original Complaint*

On November 30, 2021, Dawson filed a complaint against Bay County Sheriff Office Investigator Jeremy Head in his official capacity. Dawson alleged violations of the Fourth, Fifth, and Fourteenth Amendments. According to Dawson, Head included a false statement in an affidavit in support of an application for a search warrant to search Dawson's hotel room. *Id.* at 7. Dawson also asserted a state-law defamation claim based on Investigator Head's alleged misrepresentation.

### 2. *Dismissal of Claims and the Order Staying This Case*

On August 8, 2022, the District Court dismissed Dawson's official-capacity claim and his claim for injunctive relief. Doc. 14. Because Dawson's claim for damages was inextricably connected to the State of Florida's pending prosecution of Dawson, the District Court—pursuant to *Younger v. Harris*, 401 U.S. 37 (1971)—stayed this case until the State of Florida terminated its prosecution of Dawson. *Id.*

### B.   Dawson's State Criminal Prosecution

The undersigned takes judicial notice of documents filed in Dawson's Florida criminal case.[1] The State of Florida charged Dawson and a co-

---

[1] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy

defendant with several drug-related offenses. *Florida v. Dawson*, No. 21-CF-000742, Information, (Fla. 14th Cir. Ct. Mar. 26, 2021); *see* Doc. 1 at 7; Doc. 33 at 4, 11.

### 1. *The Search Warrant for Dawson's Hotel Room*

On February 16, 2021, someone unspecified by Dawson interviewed a child—"B.H."—about narcotics distribution. Doc. 1 at 5. On that same day, Investigator Jeremy Head filed an application and affidavit to obtain a search warrant to search Dawson's hotel room. *Id.* Head stated in the affidavit the following:

> On 2/16/2021, your affiant was contacted by Inv. Jake Roberts with the Bay County Sheriff's Office Criminal Investigations Division in reference to [Dawson] selling narcotics out of the Youngstown Motel rm #5.
>
> . . .
>
> During a CPT interview of one of the children stated that while at Mr. Dawson's hotel room he had been laying on the bed while Mr. Dawson took a shoe box form under the bed and put it on the bed with the child. The child then observed a green leafy substance in the shoe box and stated that they put the substance in a "rillo". The child also stated that Mr. Dawson J.R. exchanged money with an unknown person for this green substance. Based on your affiants training and experiences these actions were either for marijuana or synthetic marijuana.

---

cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Doc. 33 at 13 (error in original). Based on Head's representations in the search warrant application, Bay County Judge Joe Grammar issued a search warrant for Dawson's hotel room. Doc. 1 at 5–6; *see* Doc. 33 at 3.

On February 18, 2021, Head and other Bay County Sheriff Officers executed the search warrant. Doc. 1 at 5. After the search of Dawson's hotel room, Bay County deputies arrested Dawson, and the State of Florida charged Dawson with various drug-related offenses. *Dawson*, No. 21-CF-000742, Information, (Mar. 26, 2021); *see generally* Doc. 1 at 7.

### 2.   *The Franks Hearing*

Dawson—through his attorney—filed a motion to suppress the fruits of the search of his hotel room. Dawson argued that Head's statement that B.H. had observed a green leafy substance in a shoebox was an intentional, material misstatement. *See* Attachment 1 to this R&R. On June 24, 2022, Judge Clark held a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Dawson's attorney presented a video recording of the interview of B.H., which was transcribed by the court reporter.[2]

---

[2] In his proposed amended complaint, Dawson references and cites this interview. Doc. 33 at 3. In determining whether a complaint states a claim upon which relief can be granted, a district court may rely on a document outside the four corners of the complaint if the document is central to the

At the *Franks* hearing, Dawson's attorney also questioned Investigator Head and Investigator Roberts. Dawson's attorney and the Assistant State Attorney elicited the following relevant facts regarding the search warrant and the interview of B.H.:

- Investigator Roberts was watching in real-time the interview of B.H. and simultaneously relayed what B.H. was saying to Head;

- Head was typing the search warrant application while speaking to Roberts on the phone.

- B.H. stated that Dawson sold a green leafy substance at the hotel;

- B.H. stated there was a green leafy substance on the bed;

- B.H. stated that people gave Dawson money for the green leafy substance;

- B.H. stated that Dawson put the green leafy substance in a Brillo; and

- B.H. stated that Dawson put the money he received from the sale of green leafy substance in a shoe box under the bed.

Doc. 35-1 at 5, 8, 11, 12, 19–20.

---

plaintiff's claim and is undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Judge Clark denied Dawson's motion because the affidavit Investigator Head submitted was consistent with the testimony of B.H. and the minor inconsistency in the location of the green leafy substance and money was not sufficiently significant to "disqualify" the search warrant.

### 3.  *Dawson's Conviction and Sentence*

On February 9, 2023, a jury found Dawson guilty of (1) trafficking in fentanyl; (2) possession of oxycodone; (3) possession of methamphetamine; (4) possession of synthetic marijuana; and (5) possession of paraphernalia. Dawson was sentenced to a term of imprisonment.

### C.  **Dawson's Motion to Lift the Stay and His Proposed Amended Complaint**

Once the State of Florda convicted Dawson, Dawson moved to reopen this federal case. Doc. 32. The undersigned granted that motion. This civil action is now before the District Court for screening of Plaintiff's complaint.

## STANDARD

Dawson, a prisoner, is proceeding *in forma pauperis*. Therefore, the District Court is required to review Dawson's complaint and dismiss any claim that is frivolous, fails to state a claim upon which relief can be granted, or "seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C.§ 1915A. Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court must accept all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### A. Plaintiff Fails to Allege a Plausible Fourth-Amendment Claim

Dawson asserts that the search warrant was unsupported by probable cause because Head made a false statement. Dawson appears to assert three Fourth-Amendment claims: (1) an illegal search claim; (2) an illegal seizure claim; and (3) a false arrest claim. Doc. 1 at 7.

The doctrine of issue preclusion—sometimes referred to as "collateral estoppel"—"bars relitigation of an issue of fact or law that has been litigated and decided in a prior suit." *McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Federal courts give preclusive effects to a final judgment of a state court if: "(1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." *Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1328–29 (11th Cir. 2003). Under Florida law, collateral estoppel applies if "(1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." *Id.*; *Wiggins v. Loar*, 760 F. App'x 965, 968 (11th Cir. 2019).

An essential element to each of Dawson's Fourth Amendment claims is that the search warrant obtained and executed by Head and other Bay

County Sheriff deputies was not supported by probable cause. *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022) ("To succeed on a false arrest claim, a plaintiff must establish (1) a lack of probable cause."); *Gervin v. Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025) (noting that an illegal seizure claim requires the legal process justifying the seizure to be constitutionally infirm, which can be established by showing that misstatements in a warrant applicant would negate probable cause if removed from the warrant); *Hooks v. Brewer*, 818 F. App'x 923, 927 (11th Cir. 2020).

Dawson claims that the search warrant was not supported by probable cause because in the affidavit in support of the search warrant, Head misstated what D.H. had related about the precise location—*under* the bed vs. *on* the bed—of the "green leafy substance." This precise issue was presented to the State court in Dawson's second amended motion to suppress and at the *Franks* hearing before Judge Clark. Dawson—represented by counsel at the *Franks* hearing—had a full and fair opportunity to litigate the issue by examining Head and reviewing the interview of D.H.

After hearing testimony on the matter, Judge Clark found that there was no constitutional violation because there was at best a minor variation between D.H.'s statement and Head's summary of D.H.'s statement in the affidavit. Specifically, D.H. said that he saw Dawson handle a green leafy substance *on* top of the bed and place money from the sale of the green leafy substance in a shoebox *under* the bed, while Head's affidavit stated that D.H. saw Dawson handle a green leafy substance and place it in a shoe box *under* the bed.

Judge Clark's determination was essential to the denial of Dawson's motion to suppress, his trial, and his conviction. *See Wiggins v. Loar*, 760 F. App'x 965, 968 (11th Cir. 2019) (noting that "the fourth amendment issue was necessarily resolved" and essential "because it involved the validity of the state's evidence that [plaintiff] possessed the firearms that formed the basis for the criminal charges."); *see Donovan v. Thames*, 105 F.3d 291, 298 (6th Cir. 1997) (applying Kentucky law on issue preclusion and concluding that the trial court's determination that the officers had probable cause to arrest plaintiff was essential to the trial court's denial of plaintiff's motion to suppress and his conviction); *Oxendine v. Snow*, 2013 WL 5969574, at *3 (M.D. Fla. Oct. 28, 2013) (concluding that issue

preclusion barred section 1983 claim because the issue of whether the officer had probable cause to search and seize plaintiff was fully litigated and essential to the criminal prosecution). Florida convicted Dawson of (1) Trafficking in Fentanyl; (2) Possession of Oxycodone; (3) Possession of Methamphetamine; (4) Possession of Synthetic Marijuana; and (5) Possession of Paraphernalia. Dawson appealed the conviction. The First District Court of Appeal affirmed Dawson's conviction. Doc. 32; *Dawson v. Florida*, 413 So.3d 1010 (Fla. 1st Dist. Ct. App. 2025). Dawson, therefore, had an opportunity to fully litigate this essential issue.

Although Head was not a party to the state criminal proceeding, Florida law recognizes that this is not a strict requirement in the case of criminal prosecutions. *See Zeidwig v. Ward*, 548 So. 2d 209, 214–15 (Fla. 1989); *Wiggins*, 760 F. App'x at 968; *Vazquez v. Metro. Dade Cnty.*, 968 F.2d 1101, 1106 (11th Cir. 1992).

Because each element of collateral estoppel is met, Dawson's Fourth Amendment claims are barred by the doctrine of collateral estoppel. The District Court, therefore, should dismiss Dawson's Fourth Amendment claims.

B.   **Dawson's Defamation Claim**

Dawson's also attempts to assert against Head a defamation claim under Florida law. Doc. 1 at 7. District courts should dismiss any state-law claims that remain after the court dismisses federal claims prior to trial. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 n.13 (11th Cir. 2013) (quoting *Raney*, 370 F.3d at 1089).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** Plaintiff's federal section 1983 claims;

2.   **DECLINE** to exercise supplemental jurisdiction over Dawson's claim for defamation and **DISMISS** this claim without prejudice;

3.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 24th day of October, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See*

**N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If any party disputes the accuracy of any facts taken from judicially-noticed documents, or objects to the District Court taking judicial notice of any facts, they party must raise this issue in an objection to this report and recommendation.**